IN RE WILLIAMS.

(No. 86AP-71 — Decided
May 29, 1986.)

*Michael Miller,* prosecuting attorney, and *Douglas L. Shoemaker,* for appellee state of Ohio.

*James Kura,* county public defender, *Allen V. Adair* and *Geoffrey Bobbit,* for appellant.

STRAUSBAUGH, J.   This is an appeal by defendant from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, approving and adopting the report and recommendation of the referee. The record indicates that defendant was charged with being a delinquent minor by reason of having committed a third degree felony in violation of the theft statute, R.C. 2913.02, it being alleged that he took a cassette player and batteries valued at $17.87 and that he had previously been convicted of petit theft offenses on August 13, 1982 and February 27, 1984. At the trial before a referee, the state called a witness, Karen Hiller, an employee of Directions for Youth and program coordinator of their petit theft program, in an attempt to prove that defendant had been previously convicted of a theft offense. After using a report to refresh her recollection, the witness stated that she had no independent recollection of the prior offense. The referee questioned the witness and suggested that the prosecutor continue to inquire of the witness. Upon cross-examination, the witness repeated that she could not recall if the defendant had prior offenses. The referee again questioned the witness concerning her memory of past offenses and eventually elicited from the witness that the witness was in court with defendant on a prior charge of petit theft. Thereafter, the referee *sua sponte* called a mistrial stating:

"* * * [T]he Court because I have had to ring [*sic*] this out of this witness is dismissing the second half of it. It wasn't my role to do this.

"* * *

"THE COURT: Well what I can do is I will call it a mistrial. It is my own misbehavior. I stepped in because I couldn't help stepping in and it was out of line, my questioning with regard to her identifying Malcolm as the same one who was in the Petit Theft Program and since there was such a rift between her taking notes and going to a hearing and this individual showing up for an interview for the Petit Theft Program and she's claiming that she has no recognition of him as being the same person at the hearing whereas now she has said he had to be the same person at the hearing because he showed up within a month for the interview and if he had been a different person I certainly would have known. Now it was only after she was questioned by the Court that this came out and since I stepped in to do that, because temptation was just to [*sic*] great I am going to call it a mistrial and it was my own misbehavior. I apologize to everybody. I screwed it up myself. Mr. Bobbitt, I don't want to dismiss it either. We will have to have another Referee hear the case and do a clean job of it. I apologize to everbody [*sic*] who has been sitting around here.

"MR. BOBBITT: Will we do that today or some other time? What do you think? Probably some other day?

"THE COURT: If you can catch anybody.

"MR. BOBBITT: Okay. Fine. Thank you, Your Honor."

Defendant sets forth the following single assignment of error:

"Retrial of appellant is barred by the Double Jeopardy Clause of the Fifth Amendment of the United States Con-

stitution and Article I, Section 10 of the Ohio Constitution."

Defendant argues that when a mistrial has been declared by a court *sua sponte*, retrial is not barred if the mistrial was declared as a matter of manifest necessity; but that the circumstances of the present case do not meet such test and were the result of judicial misconduct; and that the defendant should not be penalized for the failure of the prosecutor to prove his case or for judicial misconduct.

The United States Supreme Court, in *Downum* v. *United States* (1963), 372 U.S. 734, 736, held:

"* * * [T]he valued right of a defendant to have his trial completed by the particular tribunal summoned to sit in judgment on him may be subordinated to the public interest — when there is an imperious necessity to do so. *Wade* v. *Hunter, supra* [(1949), 336 U.S. 684], 690. * * *"

The court further stated that:

"* * * Harassment of an accused by successive prosecutions or declaration of a mistrial so as to afford the prosecution a more favorable opportunity to convict are examples when jeopardy attaches. * * *" *Id.*

In *Arizona* v. *Washington* (1978), 434 U.S. 497, the court held that:

"* * * [T]here are especially compelling reasons for allowing the trial judge to exercise broad discretion in deciding whether or not 'manifest necessity' justifies a discharge of the jury. * * *" *Id.* at 509.

"* * * [T]he overriding interest in the evenhanded administration of justice requires that we accord the highest degree of respect to the trial judge's evaluation of the likelihood that the impartiality of one or more jurors may have been affected by the improper comment." *Id.* at 511.

In this case, the referee was obviously embarrassed and was afraid that she appeared to be not impartial in the case. When the prosecutor failed to put on evidence with respect to the enhancement portion of the charge, the referee should have dismissed the enhancement segment of the case. Instead, the referee intervened on behalf of the prosecution and inquired of the witness, endeavoring to prove the case for the prosecutor on the enhancement portion of the case. The prosecution, instead of objecting to the dismissal as it did, could have requested a postponement to supplement the record. We find that in the overriding interest in the evenhanded administration of justice the trial court was correct in not dismissing the charge. However, the trial court erred in not dismissing the enhancement segment of the charge. Therefore, defendant's single assignment of error is partially sustained and is partially overruled in that retrial of defendant is barred insofar as the enhancement section of the charge but is not barred as to trial for the violation of the theft charge, R.C. 2913.02.

*Judgment affirmed in part,*
*reversed in part,*
*and cause remanded.*

WHITESIDE and STILLMAN, JJ., concur.

STILLMAN, J., retired, of the Eighth Appellate District, was assigned to active duty pursuant to Section 6(C), Article IV, Ohio Constitution.